CLERKS OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
1/10/2018
JULIA C. DUDLEY, CLERK
BY: s/ CARMEN AMOS
   DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 6:99-CR-70054-009 |
|    Petitioner, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| DEMOND O'NEIL PARKER, | ) | By: Norman K. Moon |
|    Respondent. | ) | Senior United States District Judge |

This matter is before the court on Defendant Parker's motion to correct the presentence report pursuant to Rule 36 of the Federal Rules of Criminal Procedure. The Government has not responded, and the time for filing a response has expired. Thus, the matter is ripe for adjudication.

**I.**

On April 10, 2000, Parker pleaded guilty to conspiracy to distribute cocaine and cocaine base in violation of 21 U.S.C. § 846, and carrying a firearm during a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1). On July 12, 2000, I sentenced him to 420 months on the conspiracy charge and 60 months on the firearm charge.[1] On October 20, 2008, after a motion pursuant to 18 U.S.C. § 3582(c)(2), I reduced Parker's drug conspiracy sentence to 384 months.

On November 9, 2017, Parker filed the present motion pursuant to Rule 36 of the Federal Rules of Criminal Procedure. Specifically, Parker moves for the correction of various alleged

---

[1] In 2000, Parker's Original Total Offense Level was 39 with a Criminal History Category of V. *See United States of America v. Parker*, No. 6:99-cr-70054-9, at 1 (W.D. Va. Jan. 7, 2016), ECF No. 619. In 2008, I determined that Parker was eligible for a reduction of his conspiracy sentence under United States Sentencing Guidelines Amendments 706, 711, and 715. Parker's New Total Offense Level was 37, and the New Guideline Range was 324 to 405 months imprisonment. On October 30, 2008, I resentenced Parker to a reduced term of 324 months, plus 60 months on the firearm conviction.

clerical errors in his Presentence Investigation Report ("PSR"), and a resentencing upon the corrected record. He raises four claims:

1. the two-level "Victim-Related Adjustment" does not apply because he was not convicted of crimes related to the victim (PSR ¶ 43, ECF No. 531);

2. the PSR incorrectly enhanced his offense level by including a juvenile offense committed in 1993 (PSR ¶ 51, ECF No. 531);

3. the two-level enhancement for marijuana convictions was incorrect (PSR ¶ 55, ECF No. 531); and

4. the "recency point" does not apply (PSR ¶ 62, ECF No. 531).

## II.

Federal Rule of Criminal Procedure 36 permits a court to "at any time correct a clerical error in judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." Fed. R. Crim. P. 36. District courts "employ Rule 36 to correct errors that are clerical, rather than legal, in nature." *See United States v. Postell*, 412 Fed. App'x 568, 569 (4th Cir. 2011) (citing *United States v. Johnson*, 571 F.3d 716, 718 (7th Cir. 2009)). Rule 36 motions "are not the proper vehicle for challenging the substance of the information in a presentence report." *United States v. Wilkes*, 376 Fed. App'x 295, 296 (4th Cir. 2010). Instead, challenges to a PSR should be filed with the trial court prior to sentencing and the court's review of the factual statements within the PSR. *Id.* (citing Fed. R. Crim. P. 32(f)) (asserting that "any challenges to a PSR should be filed within fourteen days of receiving the document").

Parker has not identified a clerical error in his PSR that may be remedied under Rule 36. First, the PSR appears to provide accurate information regarding his conduct and offense-level computation. Claim 1 is without merit because Parker abducted and tortured the victim during

the course of, and in furtherance of, the drug conspiracy. As to Claim 2, under U.S.S.G. § 4A1.1(C), the offense level is enhanced if the juvenile offense was committed within five years of the commencement of the current offense. Parker committed the juvenile offense in 1993, the torturing of the victim occurred in 1995, and Parker's involvement in the overall drug conspiracy began sometime before 1995. Therefore, Claim 2 is meritless. Claim 3 fails because whether the marijuana convictions are counted as one "aggregate" conviction under U.S.S.G. § 4A1.1(b) or two separate convictions under U.S.S.G. § 4A1.1(c) is irrelevant. Both sections result in a two-level offense enhancement. Further, Claim 4 is without factual or legal justification; the PSR correctly applied the recency amendment to Parker's sentence. *See* U.S.S.G. App'x C Supp., Amend. 742 (Nov. 1, 2010).

Lastly, Claim 1 is not a clerical error, but a substantive objection to the factual statements in his PSR. Since the time for making such an objection has long since passed, I lack jurisdiction to entertain Parker's motion to correct the error. *See United States v. Smith*, 2016 5868090, at *1 (W.D.N.C. Oct. 7, 2016) (citing *United States v. Davis*, 2012 WL 8466126, at *1 (D. Md. Nov. 2, 2012)).

Accordingly, Defendant Parker's Rule 36 motion (dkt. 638) will be denied. The Clerk is directed to send copies of this memorandum opinion and accompanying order to the *pro se* Defendant and to all counsel of record.

**ENTER:** This __10th__ day of January, 2018.

NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE