CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
7/30/2019
JULIA C. DUDLEY, CLERK
BY: s/ C. Amos
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
### LYNCHBURG DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CASE NO. 6:99-cr-70054 |
| v. | MEMORANDUM OPINION |
| DEMOND O'NEIL PARKER, *Defendant.* | JUDGE NORMAN K. MOON |

Defendant Demond O'Neil Parker ("Defendant") has filed a motion for reduction of sentence pursuant to the First Step Act of 2018. (Dkt. 649). The motion has been fully briefed and is ripe for review. For the following reasons, the Court will grant Defendant's motion.

An initial indictment was filed against Defendant on July 20, 1997. (Dkt. 1). A superseding indictment was filed on February 16, 2000. (Dkt. 177). Count I of the superseding indictment charged Defendant with conspiracy to distribute cocaine base in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A), and Count XVI charged him with possession of a firearm during a drug trafficking crime in violation of 18 U.S.C. § 924(c). (Dkt. 651). On January 15, 1998, pursuant to a plea agreement, Defendant pled guilty to those charges. (Dkts. 236, 237). Defendant's then-mandatory guideline range was 360 months to life imprisonment and he was ultimately sentenced to 420 months imprisonment for Count I and 60 months for Count 16. Pursuant to Amendments 706, 711, and 715 of the United States Sentencing Guidelines, Defendant's sentence was later reduced to 384 months as to Count I. (Dkt. 651). Defendant then filed a motion to reduce his sentence pursuant to Amendment 782, this motion was denied. (Dkts. 614, 619). Defendant filed the instant motion pursuant to the newly enacted First Step Act in January 2019. (Dkt. 649).

1

Section 404 of the First Step Act of 2018 permits "a court that imposed a sentence for a covered offense" to "impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372) were in effect at the time the covered offense was committed." Pub. L. No. 115-015, § 404, 132 Stat. 015, 015 (2018). A "covered offense" is defined as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372), that was committed before August 3, 2010." *Id.*

Modifications of sentences under the First Step Act are governed by 18 U.S.C. § 3582(c)(1)(B), which states: "The court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure." In determining if modification is appropriate, the Court will first address whether a reduction is consistent with the First Step Act, and will then "consider whether the authorized reduction is warranted, either in whole or in part, according to the facts set forth in § 3553(a)." *Dillon v. United States*, 560 U.S. 817, 826 (2010) [1]

The parties agree that Defendant's offense of conviction was a violation of 21 U.S.C. §§ 846, and 841(b)(1)(A), that the offense was committed before August 3, 2010, and that the applicable penalties were modified by section 2 of the Fair Sentencing Act, which "reduced the statutory penalties for cocaine based offenses" in order to "alleviate the severe sentencing

---

[1] Although subsection 3582(c)(1)(B) does not reference 3553(a) as do other 3582(c) subsections, that alone does not bar consideration of other factors. While the *Dillon* Court analyzed the procedures under § 3582(c)(2), the language quoted is reflected in § 3582(c)(1)(B). Additionally, this approach is mirrored by the Fourth Circuit's analysis under Rule 35(b), which allows the Court to "consider other sentencing factors . . . when deciding the extent of a reduction." *United States v. Davis*, 679 F.3d 190, 195 (4th Cir. 2012); *see also* United States Sentencing Commission, Office of Education and Sentencing Practice, *FIRST STEP Act*, https://www.ussc.gov/sites/default/files/pdf/training/newsletters/2019-special_FIRST-STEP-Act.pdf (last visited Feb. 11, 2019). ("[T]he courts should consider the guidelines and policy statements, along with the other 3553(a) factors, during the resentencing.").

disparity between crack and powder cocaine." *United States v. Peters*, 843 F.3d 572, 575 (4th Cir. 2016). As relevant in this case, section 2 of the Fair Sentencing Act increased the drug quantities necessary to trigger mandatory minimum sentences under 21 U.S.C. § 841(b)(1)(A). Pub. L. No. 111–220, 124 Stat. 2372 (2010). Specifically, the threshold requirement to trigger the mandatory minimum sentence of ten years under 21 U.S.C. § 841(b)(1)(A) was increased from 50 grams to 280 grams. *Id*.

Despite agreement as to these facts, the Government argues that Defendant is not eligible for a reduction pursuant to the First Step Act because the pre-sentencing report ("PSR") states that the offense involved a drug quantity over the revised threshold. (Dkt. 666) (citing *Alleyne v. United States*, 570 U.S. 99 (2013); *Apprendi v. New Jersey*, 530 U.S. 466 (2000)). This Court has already rejected this argument. *See United States v. Herbert*, No. 5:97-cr-30024, ECF No. 261 at 4 ("[T]he Court will consider the crime of conviction not the conduct reported in the PSR. In doing so, this Court joins others in this district finding the holdings of *Apprendi* and *Alleyne* applicable in the First Step context.") (internal citations omitted).

Finding relief consistent with the First Step Act, the Court next "consider[s] whether the authorized reduction is warranted, either in whole or in part, according to the facts set forth in § 3553(a)." *Dillon*, 560 U.S. at 826. The Government argues that the Court should exercise its discretion in denying relief for two reasons: (1) relief should be denied based on the drug weight reported in the PSR and "the fact that [Defendant] would remain subject to the higher penalties if he had been prosecuted after the enactment of the Fair Sentencing Act and (2) relief would provide Defendant with an unfair windfall as compared to defendants sentenced after the enactment of the Fair Sentencing Act, but before *Alleyne*. (Dkt. 666 at 9). As explained in *Herbert*, this Court does not find either argument persuasive. *Herbert*, No. 5:97-cr-30024, ECF

3

No. 261 at 4–5 (citing *United States v. Stanback*, No. 5:02-cr-30020, 2019 WL 1976445, *4 (W.D. Va. May 2, 2019)).

Defendant's initial, mandatory sentencing guideline range was 360 months to life imprisonment. (Dkt. 652). Defendant's sentence has been adjusted pursuant to amendments to the sentencing guidelines, resulting in his current sentence of 384 months imprisonment. (*Id.*) The Court has been advised that Defendant's current projected release date is June 18, 2034, and, as of February 6, 2019, he had served approximately 202 months of his sentence. (*Id.*).

After consideration of the § 3553(a) factors, including the history and characteristics of Defendant and the need to avoid unwarranted sentence disparities, as well as the parties' arguments, the Court determines that a reduction of Defendant's sentence is appropriate. Defendant's sentence will be reduced to 249 months, but not less than time served, as to Count 1. His sentence as to Count 16 remains 60 months. His sentence will be followed by a term of supervised release of 4 years. All other terms of the original sentence will remain the same.

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to Defendant, all counsel of record, the United States Probation Office, and the United States Marshals Service, for delivery to the Bureau of Prisons.

Entered this 30th day of July 2019.

NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE